UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM MOSES DELLEA,

      Plaintiff,

     v.

SHERIFF WILLIAM G.
PRUMMELLJR., OFFICIAL
CAPACITY; DEPUTY SHERIFF
DANE R. BALSINGER, CCSO,
OFFICIAL CAPACITY; TIFFANY
K. DODSON, CCSO, OFFICIAL
CAPACITY;

      Defendants,

Case No. 2:26-cv-551-KCD-KRH

_____/

### ORDER

This civil rights action arises from a traffic stop that Plaintiff Adam Moses Dellea claims went awry. The operative complaint contains several claims under 42 U.S.C. § 1983, including false arrest, unlawful seizure, excessive force, and malicious prosecution. (Doc. 36.)[1] The only served defendant, Sheriff William G. Prummell, moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 27.) Dellea did not respond, and the time to do so has expired. For the reasons below, Sheriff Prummell's motion is **GRANTED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

According to the complaint, sheriff's deputies stopped Dellea for a minor traffic infraction. But rather than handing over his identification, he asked to speak with a supervisor. (Doc. 36 ¶ 7.) From there, the deputies allegedly escalated the encounter without justification. They forcibly dragged Dellea out of his vehicle and arrested him. (*Id.* ¶ 9.) While the deputies' claimed Dellea was driving under the influence, he maintains that their observations were subjective and the arrest lacked probable cause. (*Id.* ¶ 11.)

During the ensuing booking process, things only got worse. Dellea claims he was physically assaulted by jail personnel and locked into a restraint chair. (*Id.* ¶ 16.) He remained confined in that chair for about eight hours. Dellea also alleges that the handcuffs were cranked so tightly that his hands swelled to three times their normal size, causing severe pain and lasting physical injury. (*Id.* ¶¶ 18-20.)

To remedy these alleged wrongs, Dellea now sues two individual deputies—Dane R. Balsinger and Tiffany K. Dodson—and their employer—Sheriff Prummell. The complaint also includes "other involved officers" without bothering to name them. (*Id.* ¶ 5.)

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard of plausibility is met when the plaintiff pleads enough factual content "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept the complaint's factual allegations as true and view them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). But legal conclusions "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 664. And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### III. Discussion

For starters, the complaint is procedurally deficient. Federal Rule of Civil Procedure 8(a)(2) demands a "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. Dellea misses that mark by a wide margin. The Eleventh Circuit has also warned against shotgun pleadings—a category of complaints that fail to give defendants adequate notice of the claims against them. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-23 (11th Cir. 2015). One of the most common ways a plaintiff commits this pleading sin is by asserting multiple claims against multiple defendants without specifying who is responsible for what. *Id.* at

1323. That is exactly what happened here. Dellea lumps Sheriff Prummell and the deputies together, broadly asserting that "Defendants" unlawfully arrested him, seized him, and used excessive force. By failing to separate the defendants and link them to specific actions, the complaint makes it impossible to know who is meant to answer for which alleged wrong. *See, e.g., Clifford v. Federman*, 855 F. App'x 525, 528 (11th Cir. 2021).

Adding to the procedural tangle, Dellea directs his claims at "other involved officers" without ever identifying them. (Doc. 36 at 1.) "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). If a plaintiff wishes to hale someone into court, he must name them so they can mount a defense. You cannot sue a placeholder.

These procedural defects are not mere technicalities. When a complaint fails to connect specific actors to specific constitutional deprivations, it is fundamentally incomprehensible. Neither Sheriff Prummell nor any other defendant could be expected to decode Dellea's allegations and formulate a meaningful response. On this basis alone, the complaint is due to be dismissed. *See, e.g., Clifford*, 855 F. App'x at 528 ("Dismissal of a complaint as a shotgun pleading is warranted where . . . the complaint indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief.").

But even if we ignore those procedural problems, Dellea's lawsuit immediately hits a substantive wall. Several of his claims are direct attacks on the legality of his arrest and the ensuing criminal proceedings. But according to the public record, Dellea was convicted in state court for driving under the influence and resisting an officer without violence. (*See* Doc. 27 at 3.) A plaintiff cannot use a § 1983 civil suit to collaterally attack the validity of a criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because a guilty adjudication conclusively establishes that probable cause existed for the arrest and prosecution, Dellea's Fourth Amendment claims challenging those actions are dead on arrival. *See El v. Lee*, No. 5:19-CV-74 (MTT), 2021 WL 359736, at *4 (M.D. Ga. Feb. 2, 2021).

Finally, when the complaint does articulate specific legal theories, it wholly forgets the facts. Take the due process claim. Dellea simply declares that "Defendants deprived Plaintiff of liberty without due process" and leaves it at that. That is a textbook legal conclusion masquerading as a fact. We do not accept bare legal conclusions as true. *See Ashcroft*, 556 U.S. at 678. Also, because the Fourth Amendment provides an explicit textual source of constitutional protection for unlawful seizures, Dellea cannot repackage those same grievances into a generalized due process claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

At bottom, the complaint is incomprehensible, devoid of necessary factual support, and legally barred where it is legible. Accordingly, the complaint is **DISMISSED IN ITS ENTIRETY**. But because Dellea is representing himself, the Court will give him one more chance to get it right. He has fourteen days from the date of this order to file a second amended complaint. If he misses that deadline, the case will automatically close by this order.

**ORDERED** in Fort Myers, Florida on July 2, 2026.

Kyle C. Dudek
United States District Judge