UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM MOSES DELLEA,

        Plaintiff,

    v.

SHERIFF WILLIAM G.
PRUMMELL JR., OFFICIAL
CAPACITY; *et al.*;

        Defendants,

Case No. 2:26-cv-551-KCD-KRH

_____/

## **ORDER**

Plaintiff Adam Moses Dellea sues Sheriff William G. Prummell, Jr. and several deputies for civil rights violations stemming from a traffic stop. (*See* Doc. 36.)[1] He has also moved for a temporary restraining order and preliminary injunction. (Doc. 16, Doc. 17.) He wants the Court to prohibit Sheriff Prummell from monitoring his mail while he is detained at the Charlotte County Jail. (*Id.*)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Dellea cannot get past the first hurdle. His complaint was dismissed as "incomprehensible, devoid of necessary factual support, and legally barred where it is legible." (Doc. 39 at 6.) To state the obvious, when a complaint fails to state a claim, the plaintiff's likelihood of success is absolute zero. Accordingly, his motions for injunctive relief (Doc. 16, Doc. 17) are **DENIED**.

**ORDERED** in Fort Myers, Florida on July 6, 2026.

Kyle C. Dudek
United States District Judge

2