UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM MOSES DELLEA,

Plaintiff,

v.

Case No. 2:26-cv-551-KCD-KRH

SHERIFF WILLIAM G. PRUMMELL, JR., IN HIS OFFICIAL CAPACITY, *et al.*,

Defendants.

_______________________________/

# **ORDER**

This civil rights action arises from a traffic stop that Plaintiff Adam Moses Dellea claims went awry. The operative complaint contains several claims under 42 U.S.C. § 1983, including false arrest, excessive force, and malicious prosecution. (Doc. 41.) Dellea filed this case pro se and was directed to amend his complaint or face dismissal. (Doc. 39.) Dellea has now filed an amended complaint (Doc. 41.) The only served defendant, Sheriff William G. Prummell, moves to dismiss the complaint because it remains procedurally deficient and fails to state a claim. (Doc. 42.) Dellea did not respond, and the time to do so has expired. For the reasons below, Sheriff Prummell's motion is **GRANTED** because the complaint is a shotgun pleading.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R.

Civ. P. 8(a)(2).[1] And Rule 10(b) requires a plaintiff to "state [his] claims [ ] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either [Rule] 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

Pro se pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

The complaint still has no numbered paragraphs. On this basis alone, it is due to be dismissed. *See, e.g.*, *Toth v. Antonacci*, 788 F. App'x 688, 961 (11th Cir. 2019). And although Dellea was cautioned, he continues to direct his complaint to unknown defendants. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

734, 738 (11th Cir. 2010). Finally, perhaps creating the most confusion, Dellea lumps the defendants together and fails to distinguish who is responsible for what conduct.

Since Dellea has already been allowed to amend, this action is dismissed with prejudice. To proceed otherwise "would result in waste of scarce [public] resources and would only serve as an incentive to further abuses." *McKenna v. Obama*, No. 3:15CV335/MCR/CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016).

It is thus **ORDERED**:

Defendant's motion to dismiss on shotgun pleading grounds (Doc. 42) is **GRANTED**. Plaintiff's second amended complaint (Doc. 41) is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment, terminate any pending motions, and close the file.

**ORDERED** in Fort Myers, Florida on September 8, 2026.

Kyle C. Dudek
United States District Judge